Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5861 | **DATE** | 2/8/2012 |
| **CASE TITLE** | RHT Consulting, LLC vs. Advanced Clinical Services, LLC d/b/a Advanced Clinical | | |

**DOCKET ENTRY TEXT**

For the reasons listed in the Statement section of the order, RHT Consulting, LLC's "Motion for Partial Summary Judgment" is denied. Counsel are to confer pursuant to Rule 26(f) and jointly file a modified Form 52 on or before February 21, 2012. The case is set for status and entry of a scheduling order at 9:00 AM on February 23, 2012. The parties are encouraged to discuss settlement.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

RHT Consulting, LLC ("RHT") filed a complaint on July 7, 2011 seeking, as relevant here, damages for the breach of its contract with defendant Advanced Clinical Services, LLC ("Advanced"). (Dkt. No. 1.) Pending before the court is RHT's "Motion for Partial Summary Judgment" (Dkt. No. 7) on its breach of contract claim.

### BACKGROUND

RHT is a consulting company that began providing consulting services to Advanced in spring 2010. (Dkt. No. 33 ("Pl.'s Resp. to Def.'s Add'l Facts") ¶ 16.) In March of 2010, when RHT was already providing consulting services, RHT and Advanced began negotiating a contract to govern their relationship. (*Id.* ¶ 5.) The parties eventually agreed on the terms of a written contract, which they signed on June 13 and 14, 2010. (Dkt. No. 29 ("Def.'s Resp. to Pl.'s Facts") ¶ 2. When they signed, however, both parties backdated the contract to May 3, 2010. (Dkt. No. 9, Ex. 1, at 6.) On April 13, 2011, RHT provided written notice to Advanced that it was terminating the contract in thirty days. (Dkt. No. 9, Ex. 2.)

RHT's complaint alleges that Advanced owes it $290,000 because of the termination. RHT bases its right to recovery on ¶ 4 of the contract, which reads as follows:

> It is assumed that the independent contractor relationship between ADVANCED and RHT is ongoing, and ADVANCED will provide projects on a continuing basis, whenever possible and for so long as mutually agreed to by both parties through a period of one year commencing as of the date first executed above. Notwithstanding the above, this Agreement, and the business relationship between the parties, may be terminated without liability as follows:
>
> . . .

# STATEMENT

    b.      Upon written notice by RHT to ADVANCED provided that RHT either:

         (1)    first completes any project which it has committed at the time of the written notice to perform; and

         (2)    gives ADVANCED such written notice at least thirty (30) days in advance of the termination date.

         (3)    TERMINATION: if all or any part of this contract is terminated for any reason, or no reason at all, ADVANCED will pay $240K to RHT without any legal conflict. Also, $50K shall be paid to RHT as deferred but owed compensation.

(Dkt. No. 9, Ex. 1 ¶ 4.)

## LEGAL STANDARD

A grant of summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "There is no genuine issue of material fact when no reasonable jury could find in favor of the nonmoving party." *Brewer v. Bd. of Trs. of the Univ. of Ill.*, 479 F.3d 908, 915 (7th Cir. 2007). When ruling on a motion for summary judgment, the court must consider the facts before it in the light most favorable to the nonmoving party, drawing all reasonable inferences in the nonmoving party's favor. *McCann v. Iroquois Mem'l Hosp.*, 622 F.3d 745, 752 (7th Cir. 2010).

## ANALYSIS

The dispute between the two parties turns on the interpretation of the contract's provision that the agreement will last for "a period of one year commencing as of the date first executed above." RHT argues that "the date first executed above" is June 13 or 14, 2010, when the parties actually signed the contract. In that case, the contract was set to expire in June 2011. RHT's termination letter of April 13, 2011, which took effect thirty days thereafter, would then succeed in terminating the contract before it expired of its own accord, and ¶ 4(b)(3) would entitle RHT to compensation.

Advanced, on the other hand, contends that "the date first executed above" refers to May 3, 2010, the date actually written on the contract. In that case, the agreement would have ended on May 2, 2011, before RHT's April 13, 2011 termination letter could take effect. Consequently, RHT would not be entitled to compensation under ¶ 4(b)(3).

"The primary objective in construing a contract is to give effect to the intent of the parties." *Gallagher v. Lenart*, 874 N.E.2d 43, 58 (Ill. 2007). When attempting to discern the intent of the parties, "[a] court must initially look to the language of a contract alone, as the language, given its plain and ordinary meaning, is the best indication of the parties' intent." *Id.* Only if the language of the contract is ambiguous may the court consider extrinsic evidence to determine the parties' intent. *Id.*

The difficulty in interpreting the phrase "the date first executed above" is that two different textual cues point in opposite directions. On the one hand, there is only one date listed "above" ¶ 4(b)(3) of the contract. The contract begins by stating that the agreement "is entered into on this ___ day of May, 2010." (Dkt. No. 9, Ex. 1,

| STATEMENT |
|---|

at 1.) The parties neglected to fill in the blank, but one can infer from the date under each party's signature (*id.* at 6) that the date should have been May 3, 2010. *See Gallagher*, 874 N.E.2d at 58 ("[B]ecause words derive their meaning from the context in which they are used, a contract must be construed as a whole, viewing each part in light of the others."). Accordingly, the reference to "the date above" points to May 3 and supports Advanced's reading of ¶ 4(b)(3).

On the other hand, the "execution" of a contract refers to the date that it is actually signed, *see* Black's Law Dictionary 609 (8th ed. 2004) (defining "to execute" as "[t]o make (a legal document) valid by signing"), and Illinois law makes plain that the date a contract is executed is distinct from the date appearing on the contract, *see Monahan v. Fidelity Mut. Life Ins. Co.*, 148 Ill. App. 171, 174 (1909) ("In the law of contracts, it is elementary that ordinarily a contract speaks from the day of its date, regardless of when it was executed and delivered."). Accordingly, the reference to "the date first executed" points to June 13 or 14 and thus supports RHT's interpretation of the contract.

The court holds that, as a matter of law, the two conflicting textual cues cannot be reconciled, so the provision at issue in ¶ 4(b)(3) is ambiguous.

Consequently, the court must consider extrinsic evidence. On that point, the court holds that Advanced has submitted sufficient evidence of the parties' intent to begin the contract on May 3 to avoid summary judgment. For example, Rosemarie Truman, who negotiated the contract on behalf of RHT, wrote in an e-mail to Advanced on June 13, 2012, that Advanced should "[p]lease remember that the contract needs to include May." (Dkt. No. 9, Ex. 1.) Moreover, Advanced submitted an affidavit from Leo Sheridan, the president of Advanced's parent company, stating that RHT was paid in accordance with the contract beginning May 3, 2010 (Dkt. No. 20, Ex. 1 ¶ 20), further suggesting the parties intended it to commence then.

There is extrinsic evidence pointing toward RHT's interpretation as well, such as Sheridan's statement in an e-mail to Truman on June 13, 2010, that "[m]y full intent is to give this everything I have for the *next* 12 months." (Dkt. No. 9, Ex. 1 (emphasis added).) Regardless, Advanced has submitted at least enough evidence to create a genuine dispute as to the date the parties intended the contract to commence. Accordingly, RHT's motion for summary judgment is denied.

*James F. Holderman*